IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL D. WILLIAMS,

    Plaintiff,

                              Civil Action 2:24-cv-4259
                              Judge Edmund A. Sargus, Jr.
    v.                            Magistrate Judge Elizabeth P. Deavers

NATIONSTAR MORTGAGE LLC
DBA MR. COOPER,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Stay Discovery. (Mot., ECF No. 24.) Plaintiff filed an Opposition (Resp., ECF No. 25), and Defendant filed a Reply in Support of its Motion to Stay Discovery (Reply, ECF No. 27). This matter is ripe for judicial review. For the following reasons, Defendant's Motion is **GRANTED**.

    I.      BACKGROUND

Plaintiff alleges that Defendant must produce the original, wet ink signature promissory note for his residential mortgage loan, Defendant violated a "Pooling and Service Agreement," Defendant must "show valid or unbroken chain of title concerning the alleged debt," and Defendant failed to comply with "Generally Accepted Accounting Principles (GAAP) and FAS Standards." (ECF No. 1, at PageID 3.) Plaintiff seeks $300,00.00 in compensatory damages and $500,000.00 in punitive damages. (*Id.* at PageID 4.)

Defendant moved to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Defendant properly verified the debt pursuant to the Fair Debt Collection Practices Act; Plaintiff lacks standing to challenge Defendant's alleged

non-compliance with a Pooling and Service Agreement; there are no recognized causes of action for "Broken Chain of Title" or failure to comply with GAAP; and "additional claims asserted by Plaintiff have not been sufficiently plead in accordance with Federal Rules of Civil Procedure 8 and/or 9. (ECF No. 11, at PageID 247–48.)

In moving to stay discovery, Defendant argues that a stay is necessary because Plaintiff's claims fail as a matter of law and contends that the Court is likely to grant its Motion to Dismiss. (Mot. at PageID 393–95.) Defendant further asserts that permitting discovery to proceed would "cause an unnecessary burden on both the Plaintiff and [Defendant] due to the large variety and number of claims Plaintiff has asserted attempted to assert here [sic]." (*Id.* at PageID 395.)

In response, Plaintiff contends Defendant fails to satisfy its burden to obtain a stay of discovery, discovery is "essential to establish material facts," a stay would "severely prejudice" Plaintiff, public interest and judicial economy do not favor a stay, and Defendant's burden argument is "speculative, vague, and legally insufficient." (Resp. at PageID 400–01.) In reply, Defendant counters that it has met its burden to obtain a stay, and Plaintiff's proposed discovery is irrelevant, immaterial, not proportional, and not ripe. (Reply, at PageID 410–14.)

## II.     STANDARD OF REVIEW

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). District courts have broad discretion to stay discovery. *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005). As is the case here, parties routinely move to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) ("This Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to

dismiss. . . ."). But "as a general rule, this [c]ourt is not inclined to stay discovery while a motion to dismiss is pending. . . ." *Id.*

Yet in "certain special circumstances," a stay may be appropriate. *Id.* A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds," where "it appears that the complaint will almost certainly be dismissed. . . ," or where the motion to dismiss is based on lack of jurisdiction. *Id.* (citations omitted); *Young v. Mesa Underwriters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020).

Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Libr. Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Id.* (quoting *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citations omitted)). Still, the Court must "tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Young*, 2020 WL 7407735, at *2 (quoting *Ohio Valley Bank*, 2019 WL 2170681, at *2).

### III.     ANALYSIS

Applying the above factors, the Court concludes that, under the particular circumstances of this case, it is a better exercise of its broad discretion to temporarily stay all discovery pending resolution of Defendant's Motion to Dismiss. Admittedly, this Court has repeatedly held that a

3

garden-variety motion to dismiss under Rule 12(b)(6) is ordinarily insufficient to warrant a stay of discovery. The Court considers each case on its own merit, however, including the nature of the issues in dispute. Here, while resolution of the pending dispositive motion could dispose of this action, even short of that, the resolution will likely clarify the issues presented. In addition, discovery is not necessary to a resolution of Defendant's Motion to Dismiss, particularly because Plaintiff responded to the Motion to Dismiss before Defendant filed its Motion to Stay Discovery, and makes no argument to persuade the Court otherwise. *See Howard v. Mgmt. & Training Corp.*, No. 13-3443, 2014 WL 12971771, at *3 (6th Cir. Nov. 14, 2014) (affirming district court's stay of discovery because "[d]iscovery was not necessary to a resolution of the defendants' pending motion for judgment on the pleadings"); *Begum v. United States Dep't of State*, No. 2:24-CV-1784, 2024 WL 4871599, at *2 (S.D. Ohio Nov. 22, 2024) ("Plaintiff does not suggest that she lacks the information necessary to properly respond to the motions to dismiss. Indeed, she filed her response to that motion prior to Defendants' having filed their motion to stay."). Thus, from a pragmatic perspective, a temporary stay pending such resolution could preserve both judicial and the parties' resources. Moreover, this case is in its initial stages, and the Court cannot conceive how Plaintiff will be unduly prejudiced or tactically disadvantaged by a short stay designed to simplify the discovery process. The Court, therefore, finds that staying discovery during the pendency of Defendant's Motion to Dismiss is an appropriate exercise of its broad discretion.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay Discovery (ECF No. 24) is **GRANTED**. Discovery is **TEMPORARILY STAYED** until the Court rules on Defendant's pending Motion to Dismiss.

**IT IS SO ORDERED.**

**Date: May 5, 2025**    /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**