UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL D. WILLIAMS,

    **Plaintiff,**

    v.

NATIONSTAR MORTGAGE LLC, d/b/a
MR. COOPER,

    **Defendant.**

Case No. 2:24-cv-4259
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Defendant Nationstar Mortgage LLC's Motion to Dismiss Plaintiff Samuel D. Williams's Complaint. (ECF No. 11.) Also before the Court are several ancillary motions filed by Mr. Williams. (ECF Nos. 4, 31, 32, 38.)

For the reasons stated in this Opinion and Order, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 11) and **DISMISSES** Plaintiff's claims. Plaintiff's ancillary motions are **DENIED as moot**. (ECF Nos. 4, 31, 32, 38.)

## BACKGROUND

Mr. Williams filed this lawsuit, *pro se*, against Nationstar, doing business as Mr. Cooper, in December 2024. (ECF No. 1.) Construing the Complaint generously, Mr. Williams alleges that he purchased a home for $269,000 in 2019, executed a promissory note, and mortgaged the home. (*Id.* PageID 3; ECF No. 1-7.) Based on documents attached to the Complaint, Mr. Williams executed another promissory note in March 2021 for $253,000 and took out another mortgage loan, with Home Point Financial Corporation ("HPFC") as the lender and loan servicer. (ECF No. 1-8.) He later asserts that the 2021 loan was a refinancing of the original loan. (ECF No. 4, PageID

225.) Servicing of the loan with HPFC was transferred to Mr. Cooper, powered by ServiceMac, in September 2023. (ECF No. 1-9.) Servicing of the loan then transferred to Mr. Cooper in July 2024. (ECF No. 1-10.)

Mr. Williams sent Nationstar a "Debt Validation Request" on October 28, 2024, disputing the remaining debt on his mortgage loan, and Nationstar responded on November 7, 2024. (ECF No. 1, PageID 3.) Mr. Williams sent another request to Nationstar on November 28, 2024. (*Id.*) Nationstar responded and stated that it was not required to produce the original wet signature promissory note and that the debt has been verified. (*Id.*)

Mr. Williams's Complaint is best construed to raise a claim for validation of debt under the Fair Debt Collection Practices Act ("FDCPA"). He asks the Court to compel Nationstar to produce the original wet ink signature promissory note relating to his loan, citing 18 U.S.C. § 2071, which criminalizes the concealment, removal, and mutilation of court records, and section 3-308 of the Uniform Commercial Code. (*Id.*) Mr. Williams claims that Nationstar (1) has sold the promissory note in violation of a pooling and servicing agreement, (2) is liable for "Broken Chain of Title," and (3) violated Generally Accepted Accounting Principles ("GAAP") and "FAS Standards". (*Id.*) He asks the Court to require Nationstar to prove that it has proper standing to enforce the debt. (*Id.*) In his request for relief, Mr. Williams also seeks a finding that Nationstar's actions "constitute fraud, conspiracy, unfair practices, or other violations of applicable law." (*Id.* PageID 4.) He asks for $300,000 in actual damages and $500,000 in punitive damages. (*Id.*)

Nationstar filed a Motion to Dismiss the Complaint. (ECF No. 11.) Mr. Williams filed a Response in opposition to the Motion. (Response, ECF No. 13.) Nationstar filed a reply. (ECF No. 18.) In his response in opposition, Mr. Williams makes new allegations against "Defendant's predecessor," HPFC, claiming it "misrepresented itself as the original lender when, in fact, it was

merely a conduit relying on third-party funding sources," among other allegations. (ECF No. 13, PageID 296.) Mr. Williams argues Nationstar has no automatic right to enforce his mortgage note "by the mere act of acquiring servicing rights" from its predecessor in interest, HPFC. (*Id.*) Nationstar argues any fraud or misrepresentation claims asserted against HPFC in Mr. Williams's Response are procedurally improper because HPFC has not been made a party and because a plaintiff may not make new claims in a response in opposition to a motion to dismiss. (ECF No. 18, PageID 355–56.)

Nationstar filed several documents concurrent with its Motion to Dismiss, including Mr. Williams's October 28, 2024 debt validation request letter (ECF No. 12-2), Mr. Cooper's response letter dated November 7, 2024 (ECF No. 12-3), Mr. Williams's November 20, 2024 second debt validation request letter (ECF No. 12-4), and Mr. Cooper's response letter dated December 3, 2024 (ECF No. 12-5). "Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002). The Court finds that these documents were referenced in the Complaint and are central to Mr. Williams's claims. Accordingly, the Court will consider the documents as part of this Opinion and Order without converting Nationstar's Motion to Dismiss into a motion for summary judgment.

In his first debt validation request letter to Mr. Cooper, Mr. Williams disputed his mortgage loan debt and asked Mr. Cooper to provide payment history on the account, the remaining principal amount, chain of title documents, the "[o]riginal signature that I agree to this contract for this creditor," and other documents and information. (ECF No. 12-2, PageID 280–81.) In response, Mr. Cooper provided answers and sources for the requested information and stated, "We have

3

confirmed that we have the collateral file, which includes the wet-ink signature Note for this account. We cannot provide you with the original Mortgage Note, as it needs to be retained since it documents your obligation to make payments on your mortgage." (ECF No. 12-3, PageID 286.) The response also included copies of the note, deed of trust, a billing statement, transaction history, an escrow statement, the loan application, and the welcome letter. (*See id.*) Mr. Williams does not dispute that these documents were included in the response. (*See* ECF No. 13.)

Separately, Mr. Williams filed a Motion to Petition for Verification of Debt Release of Claim in which he makes additional factual allegations, restates several claims from his Complaint, and asserts that Nationstar violated the RICO Act, 18 U.S.C. § 1962. (ECF No. 4.)

Nationstar moved to stay discovery pending the Court's decision on its Motion to Dismiss (ECF No. 24), and the Magistrate Judge granted the motion to stay discovery (ECF No. 30). Mr. Williams filed a Motion for Judicial Relief Based on Procedural Prejudice (ECF No. 31) and a Motion to Vacate or Modify Stay of Discovery (ECF No. 32). Last, Mr. Williams filed a Notice of Defendant's Continuing Misconduct During Litigation and a Motion for Discovery to Uncover Accounting Manipulation (ECF No. 38).

## LEGAL STANDARD

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Courts liberally construe pleadings by *pro se* litigants, and such pleadings are subject to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (cleaned up)). The Court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Still, a *pro se* plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

Mr. Williams brings several claims against Nationstar and ultimately seeks relief from his debt obligation under his 2021 promissory note and mortgage loan. He fails to state a plausible claim for relief in his Complaint. He attempts to add new factual allegations in his Response to Nationstar's Motion to Dismiss and in his "Motion to Petition," which is procedurally improper. But even generously construing those new facts as part of a motion for leave to amend, his claims would still fail.

I. **FDCPA Claim**

Mr. Williams alleges that in response to his debt validation request, Nationstar provided "documents that didn't meet the requirements of the Debt Validation Request" and failed to produce the original wet signature promissory note. (ECF No. 1, PageID 3.) He argues Nationstar's Motion to Dismiss his FDCPA claim should be denied because Nationstar failed to produce the original promissory note rather than copies of the note. (ECF No. 13, PageID 302.)

Under the FDCPA, if a consumer notifies a creditor "that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b). This statute is intended "to provide the consumer with notice of how and when the debt was originally incurred or other sufficient notice from which the consumer could sufficiently dispute the payment obligation." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 785–86 (6th Cir. 2014). "[A]n itemized accounting detailing the transactions in an account that have led to the debt is often the best means of accomplishing that objective." *Id.* at 785. Verification need not be extensive but "should provide the date and nature of the transaction that led to the debt, such as a purchase on a particular date . . . ." *Id.* at 786.

Mr. Williams does not dispute that in response to his debt validation requests, Nationstar provided him copies of the promissory note, the transaction history of his mortgage loan account, his most recent billing statement, the welcome letter, an escrow analysis statement, and origination documents, as supported by documents attached to the Complaint and Motion to Dismiss. (*See* ECF No. 1, PageID 3; ECF No. 13; ECF Nos. 1-7, 1-8; ECF Nos. 12-2, 12-3, 12-4, 12-5.) These documents are sufficient to satisfy Nationstar's requirements under 15 U.S.C. § 1692g(b) because

6

they provide Mr. Williams enough information to know how and when he incurred the debt and to dispute the payment obligation. *See Haddad*, 758 F.3d at 785–86.

Furthermore, Nationstar is not required to provide the original "wet-ink" signature promissory note to satisfy its debt verification requirements under § 1692g(b). *See Crawford v. IC Sys.*, No. cv 17-230-DLB-CJS, 2018 WL 8489601, at *5 (E.D. Ky. Oct. 29, 2018) (holding that the creditor was not required to provide original contract to the debtor to satisfy its obligations under § 1692g(b) and collecting cases holding the same), *report and recommendation adopted*, No. cv 17-230-DLB-CJS, 2019 WL 2372887 (E.D. Ky. Feb. 14, 2019); *Sherman v. Portfolio Recovery Assocs., LLC*, No. 1:21-cv-570, 2022 WL 952540, at *7 (S.D. Ohio Mar. 30, 2022) (Bowman, M.J.) (same), *report and recommendation adopted*, No. 21-cv-570, 2022 WL 3908944 (S.D. Ohio Aug. 30, 2022) (McFarland, J.).

Accordingly, Mr. Williams's Complaint fails to raise a plausible basis for relief under the FDCPA.

## II. Non-Compliance with Pooling and Servicing Agreement

Next, Mr. Williams claims that Nationstar failed to comply with a pooling and servicing agreement ("PSA") that governed his promissory note and related mortgage. (ECF No. 1, PageID 3.) A PSA "is an agreement creating a trust that defines the terms under which promissory notes and their related mortgages are placed into the trust, describes how the notes and mortgages and related loan documents are transferred by and between the parties to the trust, and sets forth the various responsibilities of the parties to the trust." *In re Smoak*, 461 B.R. 510, 515 (Bankr. S.D. Ohio 2011). Mr. Williams states that Nationstar sold his promissory note to investors under a pooling of interest and argues that Nationstar has no standing to enforce the mortgage loan because it was improperly transferred. (ECF No. 1, PageID 3; ECF No. 13, PageID 305.)

"Courts have consistently rejected borrowers' requests to have mortgage assignments and foreclosures invalidated due to non-compliance with [PSA] provisions, based on borrowers' lack of standing." *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014) (collecting cases). Mr. Williams, like debtors in similar cases, lacks standing because he is not a party to the PSA at issue and is not a third-party beneficiary of the PSA. *See id.*; *Livonia Prop. Holdings, L.L.C. v. 12840–12976 Farmington Rd. Holdings, L.L.C.*, 717 F. Supp. 2d 724, 748 (E.D. Mich. 2010) (holding the plaintiff lacked standing to challenge the defendant's compliance with a PSA because the plaintiff was not a party to or third-party beneficiary of the agreement), *aff'd*, 399 F. App'x. 97 (6th Cir. 2010). Mr. Williams makes no argument about his standing to enforce the terms of the PSA. (ECF No. 13, PageID 305–07.)

Mr. Williams lacks standing to enforce the terms of a PSA between Nationstar and transferees, and he therefore fails to state a claim for relief regarding Nationstar's non-compliance with a PSA.

### III. Broken Chain of Title

Mr. Williams next claims he will show that Nationstar cannot "show valid or unbroken chain of title concerning the alleged debt" and asks the Court to compel Nationstar to provide proof of its continuous ownership of the debt. (ECF No. 1, PageID 3.) Nationstar argues Ohio law does not recognize a claim for broken chain of title and ownership of the mortgage loan is not required to enforce a promissory note or mortgage loan. (ECF No. 11, PageID 257.) In response, Mr. Williams states his claim is based on Nationstar's failure to prove it is the legal holder of the promissory note. (ECF No. 13, PageID 307.)

As a federal court exercising diversity jurisdiction over state-law claims, the Court, sitting in Ohio, applies Ohio law. *See, e.g.*, *Comm'r of Internal Revenue v. Est. of Bosch*, 387 U.S. 456,

464–65 (1967); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Mr. Williams does not identify case law to support the existence of a "broken chain of title" claim under Ohio law. Ohio courts have considered chain of title arguments as defenses in actions to enforce debt obligations. *See, e.g.*, *Everhome Mortg. Co. v. Baker*, No. 10AP-534, 2011 WL 2586751, at *1 (10th Dist. Ohio Ct. App. June 30, 2011); *HSBC Bank USA v. Brinson*, 118 N.E.3d 1140, 1145 (9th Dist. Ohio Ct. App. 2018).

To the extent Mr. Williams attempts to bring a broken chain of title claim, it fails because no such action exists under Ohio law. And there is no enforcement action by Nationstar before this Court against which Mr. Williams might raise a chain of title defense.

Regardless, under Ohio law, the current holder of a promissory note and mortgage has standing to enforce the note and mortgage, including through a foreclosure action, without also needing to prove that it is the "owner" of the note or mortgage. *See Deutsche Bank Nat'l Tr. Co. v. Najar*, No. 98502, 2013 WL 1791372, at *13 (8th Dist. Ohio Ct. App. Apr. 25, 2013). Accordingly, Mr. Williams's claim that Nationstar cannot enforce the promissory note and mortgage without proving its ownership thereof fails under Ohio law. To the extent he disputes that Nationstar is the current holder of the promissory note, Mr. Williams has not alleged the existence of an enforcement action against him, such as a foreclosure action, that would trigger Nationstar's obligation to establish that it was the holder of the note and mortgage. *See id.* ("[A] plaintiff must establish that it was the holder of the note and mortgage at the time [a] foreclosure action was filed." (citing *Bank of N.Y. Mellon v. Watkins*, No. 11AP–539, 2012 WL 4466467, at *5 (10th Dist. Ohio Ct. App. Sept. 27, 2012))).

Ultimately, Mr. Williams fails to demonstrate the existence of a cause of action under Ohio law that he can bring against Nationstar that would require Nationstar to prove that it holds the

note and mortgage. He thus fails to state a claim for "broken chain of title" or a related claim in his Complaint.

### IV. Failure to Comply with GAAP and FAS Standards

Mr. Williams alleges Nationstar fails to comply with GAAP and "FAS Standards," which the Court construes to mean accounting standards set by the Financial Accounting Standards Board ("FASB"). Mr. Williams fails to demonstrate that a cause of action exists regarding a loan servicer's failure to comply with GAAP or other accounting standards. *See Moore Fam. Tr. v. Jeffers*, 225 N.E.3d 548, 559 (7th Dist. Ohio Ct. App. 2023) (holding that "a demand for an accounting does not form the basis for a standalone action but is instead, a remedy" and that "[t]he elements of an action that would result in the equitable remedy of an accounting are: fraud; fiduciary or trust relationship; and necessity."); *Delorean v. First Horizon Home Loans*, No. cv 10-3021-CL, 2011 WL 4404148, at *2 (D. Or. June 7, 2011) ("Plaintiff does not identify a statute or regulation which requires defendants to follow GAAP in the context of this case and the court is not aware of any such law which would require that a failure to comply with GAAP states any claim for which relief may be granted."). Regardless, Mr. Williams does not allege facts to support his claim that Nationstar failed to follow those standards regarding his mortgage loan.

Mr. Williams fails to state a claim for relief regarding Nationstar's compliance with GAAP or FASB standards.

### V. Estoppel by Contract

In his Response in opposition to Nationstar's Motion to Dismiss, Mr. Willaims, for the first time, asserts a claim for "estoppel by contract." (ECF No. 13, PageID 298.) His new claim is procedurally improper. "[A] plaintiff cannot add new claims to [his] complaint in an opposition to a motion to dismiss." *WMS Monroe LLC v. Gulfport Energy Corp.*, No. 2:19-cv-2908, 2020 WL

13469474, at *3 (S.D. Ohio Jan. 6, 2020) (Watson, J.) (quoting *Ault v. Medina Med. Inv'rs, LLC*, No. 1:06cv1113, 2007 WL 81853, at *3 (N.D. Ohio Jan. 8, 2007)).

Even if the Court construed Mr. Williams's Response as a motion for leave to amend the Complaint, granting leave would be futile, because his new claim would fail. *See Crawford v. Roane*, 53 F.3d 750, 753, 756 (6th Cir. 1995) (explaining that futility is a ground to deny a motion for leave to amend a complaint). Under Ohio law, "[t]he purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice. It is available only in defense of a legal or equitable right or claim made in good faith." *Bonygne v. CMFG Life Ins. Co.*, No. 1:18-cv-614, 2019 WL 3082586, at *1 (S.D. Ohio July 15, 2019) (Litkovitz, M.J.) (quoting *Doe v. Archdiocese of Cincinnati*, 849 N.E.2d 268, 278–79 (Ohio 2006)). Thus, "Ohio law views equitable estoppel as a defense rather than a viable legal claim." *Id.* (citing *First Fed. Sav. & Loan Ass'n of Toledo v. Perry's Landing, Inc.*, 463 N.E.2d 636, 647 (6th Dist. Ohio Ct. App. 1983)).

Mr. Williams fails to state a claim for equitable estoppel by contract.

**VI. Fraud**

In his Complaint, Mr. Williams requested relief against Nationstar based on "fraud, conspiracy, unfair practices, or other violations of applicable law" without elaborating on the grounds for such relief. (ECF No. 1, PageID 4.) Without any factual support in the Complaint, those claims fail because they are merely conclusory statements of law.

In his Response and in his Motion to Petition for Verification of Debt Release of Claim, Mr. Williams attempts to add facts and claims for fraud against Nationstar and HPFC. (*See* ECF Nos. 4, 13.) Again, his attempt to add new facts and claims without a motion for leave to amend the Complaint is procedurally improper. *See WMS Monroe LLC*, 2020 WL 13469474, at *3. Additionally, Mr. Williams has not moved to join HPFC as a party, has not served it with the

11

Complaint or other documents in this case, and has not filed a motion for leave to amend the Complaint to add new facts or claims. *See Fennell v. Univ. of Akron*, No. 5:06-CV-2883, 2007 WL 2236601, at *2 (N.D. Ohio July 31, 2007) ("Plaintiff may not implicitly amend his complaint by simply asserting new claims in opposition to a dispositive motion."). Thus, he fails to state a claim for fraud against Nationstar or HPFC.

Even generously construing Mr. Williams's response in opposition and his Motion to Petition as including a motion for leave to amend the Complaint to add new claims, granting leave to amend would be futile because his claims would still fail. Under Ohio law, common law fraud consists of six elements:

> [1] a representation or, where there is a duty to disclose, concealment of a fact, [2] which is material to the transaction at hand, [3] made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, [4] with the intent of misleading another into relying upon it, [5] justifiable reliance upon the representation or concealment, and [6] a resulting injury proximately caused by the reliance.

*Komorek v. Conflict Int'l, Inc.*, No. 2:24-cv-1227, 2025 WL 948973, at *10 (S.D. Ohio Mar. 29, 2025) (quoting *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998)). Under Federal Rule of Civil Procedure 9(b), fraud claims must be plead with particularity, meaning the claimant must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993).

Essentially, Mr. Williams argues Nationstar cannot enforce the promissory note and mortgage loan against him because Nationstar's predecessor in interest, HPFC, fraudulently misrepresented itself as the original lender when assigning the mortgage loan to Nationstar. (ECF No. 13, PageID 295–96.) Mr. Williams states in his Motion to Petition for Verification of Debt Release of Claim that he refinanced his mortgage loan using HPFC in March 2021 and that the

12

mortgage was then transferred to Nationstar in August 2023. (ECF No. 4, PageID 225.) In his response in opposition to the Motion to Dismiss, he alleges that HPFC "misrepresented itself as the original lender when, in fact, it was merely a conduit relying on third-party funding sources" and that HPFC failed to disclose that Freddie Mac was listed as an investor on the loan. (ECF No. 13, PageID 296.)

Mr. Williams's fraud claims against Nationstar and HPFC fail for at least three reasons. First, he fails to allege facts sufficient to raise an inference that Nationstar or HPFC made any allegedly fraudulent statements with the intent to induce Mr. Williams into agreeing to the loan. Second, he explains no basis for how he justifiably relied on the alleged misrepresentations listed above to enter into the loan agreement.

Third, Mr. Williams cannot attack the validity of the mortgage assignment from HPFC to Nationstar based on alleged misrepresentations made in that transaction because Mr. Williams was not a party to any such transfer agreement. "[U]nder Ohio law, a non-party to a mortgage assignment lacks standing to challenge that assignment." *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2013 WL 210729, at *3 (S.D. Ohio Jan. 18, 2013) (Frost, J.); *see Deutsche Bank Nat'l Tr. Co. v. Rudolph*, No. 98383, 2012 WL 6727811, at *4 (8th Dist. Ohio Ct. App. Dec. 27, 2012) ("[W]hen a mortgagor . . . is not a party to the transfer agreement, and her contractual obligations under the mortgage are not affected in any way by the assignment, the mortgagor lacks standing to challenge the validity of the assignment."); *Corbett v. Beneficial Ohio, Inc.*, 847 F. Supp. 2d 1019, 1027 (S.D. Ohio 2012) (Rice, J.) ("Nor is a fraud claim sustainable when a plaintiff 'alleges that a third party relied on misrepresentations made by a defendant and that he suffered injury from that third party's reliance.'" (quoting *Marbley v. Metaldyne Co.*, No. 21377, 2003 WL 21277228, at *6 (9th Dist. Ohio Ct. App. June 4, 2003))).

13

For these reasons, Mr. Williams fails to state a claim for fraud against Nationstar or HPFC.

## VII. RICO Act

Again construing Mr. Williams's Response to include a motion for leave to amend the Complaint, he attempts to bring a new RICO Act claim against Nationstar based on its participation in "a broader financial network engaging in racketeering activities." (ECF No. 13, PageID 313.) Granting leave to amend the Complaint to add this claim would be futile.

"[T]o state a civil RICO claim, a plaintiff must allege (1) two or more predicate racketeering offenses, (2) the existence of an enterprise affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury by reason of the above." *Grow Mich., LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022). To qualify as a predicate racketeering offense, the offense must be listed as "racketeering activity" under 18 U.S.C. § 1961(1). "To allege a valid RICO claim . . . a plaintiff must show not only that the predicate act was a 'but for' cause of plaintiff's injuries, but also that it was a proximate cause." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012) (citing *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268 (1992)).

Mr. Williams fails to adequately allege two or more predicate racketeering offenses. He does not identify any offenses under 18 U.S.C. § 1961(1) committed by Nationstar. To the extent he alleges Nationstar committed fraud as a predicate RICO offense, that predicate claim fails for the reasons stated above. Otherwise, he broadly alleges that Nationstar participated in a fraudulent scheme to purchase mortgage loan servicing rights from HPFC, but that claim overlaps entirely with his fraud claim, which is not sufficiently plead.

Mr. Williams fails to state a plausible RICO Act claim against Nationstar.

# CONCLUSION

Plaintiff Samuel D. Williams fails to adequately state a claim upon which relief can be granted in the Complaint. Construing his Motion to Petition for Verification of Debt Release of Claim (ECF No. 4) and his Response in opposition to Defendant Nationstar Mortgage LLC's Motion to Dismiss (ECF No. 13) together to include a motion for leave to amend the Complaint, granting such relief would be futile because any new claims would fail.

For the reasons stated in this Opinion and Order, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff Samuel D. Williams's Complaint. (ECF No. 11.) All Plaintiff's claims in the Complaint are **DISMISSED**. (ECF No. 1.) To the extent Plaintiff moves for leave to amend the Complaint, the motion for leave to amend is **DENIED**.

The Court **DENIES as moot** Plaintiff's Motion to Petition for Verification of Debt Release of Claim (ECF No. 4), Plaintiff's Motion for Judicial Relief Based on Procedural Prejudice (ECF No. 31), Plaintiff's Motion to Vacate or Modify Stay of Discovery (ECF No. 32), Plaintiff's Notice of Defendant's Continuing Misconduct During Litigation: Unlawful Foreclosure Threats, Collection Harassment, Ledger Tampering, Unauthorized Payment Modifications (ECF No. 38), and Plaintiff's Motion for Discovery to Uncover Accounting Manipulation (ECF No. 38).

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Opinion and Order to Plaintiff Samuel D. Williams at 700 Brighton Street, Pickerington, OH 43147.

IT IS SO ORDERED.

**9/22/2025**                         s/Edmund A. Sargus, Jr.
**DATE**                               **EDMUND A. SARGUS, JR.**
                                           **UNITED STATES DISTRICT JUDGE**